Filed 7/15/16  P. v. Saucedo CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE MARIA SAUCEDO,<br><br>    Defendant and Appellant. | B267536<br><br>(Los Angeles County<br>Super. Ct. No. BA429993) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

Tracy L. Emblem, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In November 2014, the District Attorney in Los Angeles charged defendant Jose Saucedo (defendant) with making a criminal threat, in violation of Penal Code section 422(a),[1] and further alleged criminal street gang (§ 186.22(b)(1)(B)) and hate crime (§ 422.75(a)) enhancements. As testimony at defendant's preliminary hearing established, the charges stemmed from two encounters between defendant and a Latina woman who had three children with a Black man. In the first encounter, defendant yelled racially derogatory threats at the woman, who lived in a housing project within territory claimed by the Big Hazard criminal street gang. In the second encounter when the woman was with her three-year-old son, defendant (shirtless with Big Hazard gang tattoos visible) told the woman that she should move out of the housing project because "our hood don't get down like this," that he knew she didn't want "cocktails" flying in her house because she had "little ones,"[2] and that this was her "second warning."

Pursuant to an agreement with the People, defendant pled no contest to the section 422(a) charge and admitted the gang and hate crime allegations. The trial court imposed an 11-year prison sentence—the execution of which it suspended—and placed defendant on formal probation for 5 years. The conditions of his probation required, among other things, that defendant "not associate with and stay one hundred yards away from any member or associate of the Big Hazard criminal street gang" and that he "stay one hundred yards away from any areas or locations where associates or members of the Big Hazard criminal street gang congregate." In entering his no contest plea, defendant said he understood these conditions of his probation, and when the court imposed sentence he raised no objection to the conditions. Defendant did not appeal his conviction.

Law enforcement arrested defendant approximately four months later in April 2015 for violating his probation conditions. The trial court held a probation violation hearing at which a police officer testified he saw defendant with another Big Hazard gang

---

[1]     Statutory references that follow are to the Penal Code.

[2]     Around the time of the threat, a Black family's residence in the housing project had been firebombed.

member in the same housing project where defendant committed the underlying criminal threat offense; another officer also testified he observed Big Hazard gang writing and paraphernalia at defendant's residence. At the conclusion of the hearing, the trial court found defendant violated the no contact and the stay away from territory conditions of his probation. Having so found, the trial court revoked and terminated defendant's probation and ordered him to serve the 11-year sentence it had originally imposed but suspended. The court gave defendant 300 days of credit toward his sentence (261 days actual and 39 days good time) and imposed various fines and fees.

We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief raising no issues. On March 3, 2016, this court advised defendant he had 30 days to personally submit any contentions or issues he wished us to consider. We received no response.

We have examined the record provided to us and are satisfied defendant's attorney on appeal has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106, 122-124.) Defendant's presence in the housing project that was the very same location of the underlying charged offense—which carried with it the section 186.22 criminal street gang allegation defendant admitted—establishes beyond doubt defendant knowingly violated the condition that he stay 100 yards away from a location where Big Hazard gang members congregate.

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:



TURNER, P.J.



KRIEGLER, J.